**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD HOLBROOK, | No. 10-15348 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00215-LRH-VPC |
| v. | |
| GLEN WHORTON; JACKIE CRAWFORD; STATE OF NEVADA DEPARTMENT OF CORRECTIONS; DONNY GILCREASE; ALOIS HANKE; JERAMY BRANAHAN; ADOLPH STANKUS; ROBERT SCHOBER; ERIC FANCHER; SCOTT BURCHETT; JEFF MCTEE; GREG MADEIORS; GARY DUTTON; ABRAHAM LOPEZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 15, 2012[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Richard Holbrook is a former senior correctional officer for the Nevada Department of Corrections ("NDOC"). He appeals the district court's grant of judgment on the pleadings and summary judgment against his First Amendment retaliation and defamation claims. We review those rulings *de novo*. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (judgment on the pleadings); *Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 747 (9th Cir. 2010) (summary judgment).

In a First Amendment retaliation claim against a government employer, the plaintiff bears the initial burden of showing that his speech addressed a matter of public concern. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Holbrook stated in his complaint that he informed the NDOC director about procedural violations by other officers "in the context of seeking an accommodation for his [employment] predicament." " Looking to the 'content, form, and context'" of Holbrook's conversation with the director, we agree with the district court that the speech addressed a personal grievance and employment dispute, rather than a matter of public concern. *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 (9th Cir. 2010) (quoting *Connick v. Myers*, 461 U.S. 138, 147-48 (1983)). We therefore

2

affirm the district court's grant of judgment on the pleadings against Holbrook's First Amendment claim.

All of the allegedly defamatory statements that Holbrook challenges on appeal were made to other officers or investigators. The district court held that these statements fall within the common interest privilege. Holbrook does not challenge that holding on appeal. Instead, he argues that he has raised a triable issue that Defendants abused the privilege by making defamatory statements with actual malice. However, Holbrook's own deposition testimony about his actions during the riot does not suffice because the test for actual malice is subjective, relying on "what the defendant believed and intended to convey." *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 92 (Nev. 2002) (internal quotation marks omitted). Nor has Holbrook demonstrated that Defendant Alois Hanke made inconsistent statements. As a result, Holbrook has not presented any evidence indicating that the Defendants knew their statements were false or acted with reckless disregard for the truth. *See id.* at 93. We therefore affirm the district court's grant of summary judgment against Holbrook's defamation claim.

**AFFIRMED**.